# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael Allen Haukoos,                                    Civ. No. 22-1142 (PAM/BRT)

      Petitioner,

v.                                                                                **ORDER**

Eddie Miles and MCF–St. Cloud,

      Respondents.

Michael Allen Haukoos, MCF–St. Cloud, 2305 Minnesota Blvd., St. Cloud, MN 56304, *pro se*.

Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota St., Suite 1800, St. Paul, MN 55101.

**IT IS HEREBY ORDERED** that:

1. Respondents are directed to file an answer to the petition for a writ of habeas corpus of Petitioner Michael Allen Haukoos, within 14 days of this Order's date, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

2. Respondents' answer should include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's incarceration, in light of the issues raised in the petition;

    b. A reasoned memorandum of law and fact fully stating Respondents' legal position on Petitioner's claims (including Respondents' position on whether this Court has jurisdiction to address those claims); and

      c.      Respondents' recommendation on whether an evidentiary hearing should be conducted in this matter.

3.      If Petitioner intends to file a reply to Respondents' answer, he must do so within 14 days of the date when the answer is filed. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

4.      Petitioner's filing titled "Application for Public Defender" (Doc. No. 2), which the Court construes as a request for the appointment of counsel, is **DENIED** without prejudice. District courts may appoint counsel for habeas petitioners "'when the interests of justice so require.'" *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)); *see also* 18 U.S.C. § 3006A(a)(2)(B) (statutory provision permitting appointment). When deciding whether to appoint counsel in a case like this, a court should consider "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard*, 29 F.3d at 471 (citing cases); *see also, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021). Petitioner's filing simply recounts certain financial information; it does not address the substantive factors relevant to the appointment question. As a result, the Court cannot conclude that appointing counsel would be justified at this time.

Dated: May 4, 2022                            *s/ Becky R. Thorson*
                                                      BECKY R. THORSON
                                                      United States Magistrate Judge