# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael Allen Haukoos, | Civ. No. 22-1142 (PAM/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Eddie Miles and MCF–St. Cloud, | |
| Respondents. | |

---

Michael Allen Haukoos, *pro se* Petitioner.

Fiona B. Ruthven, Esq., Minnesota Department of Corrections; Matthew Frank, Esq, Minnesota Attorney General's Office, counsel for Respondents.

---

BECKY R. THORSON, United States Magistrate Judge.

Petitioner Michael Haukoos is an inmate who, until recently, was confined at the Minnesota Correctional Facility in Saint Cloud ("MCF-St. Cloud"). On April 29, 2022, Haukoos filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging a detainer and any other legal holds that would result in his transfer to South Dakota to serve his outstanding criminal sentences there upon his release. (*See generally* Doc. No. 1, Pet.) The same day, Haukoos also filed a "Motion to/for remove detainer and all illegal holds remaining," raising the same claims in his Petition. (Doc. No. 3.) On July 1, 2022, Respondents informed the Court that Haukoos had been released and transferred to South Dakota. (Doc. No. 14.) For the reasons set forth below, this Court recommends that

Haukoos's Petition and "Motion to/for remove detainer and all illegal holds remaining" be denied as moot.

## I.   Background

Haukoos entered the custody of the Minnesota Department of Corrections ("DOC") in October 2021 after being sentenced for a drug possession charge. (Doc. No. 8, Declaration of Karina Magistad ("Magistad Decl.") ¶ 3; Doc. No. 9, Declaration of Barbara Pasanen ("Pasanen Decl.") ¶ 2.) Upon admission as a new inmate, the DOC conducted a warrant check to determine if Haukoos had any outstanding warrants. (Magistad Decl. ¶ 5; Pasanen Decl. ¶ 3.) The check revealed several outstanding warrants related to pending cases in South Dakota. (Pasanen Decl. ¶ 2, Exs. 1–4.) DOC contacted authorities in South Dakota who advised the DOC to enter the outstanding warrants as detainers against Haukoos. (*Id.* ¶ 3.) On October 13, 2021, DOC staff notified Haukoos that he had untried detainers against him in South Dakota and provided him with the forms to request disposition of those charges under the Interstate Agreement on Detainers ("IAD").[1] (*Id.* ¶ 4, Exs. 5–8.) Haukoos signed and returned the forms requesting final

---

[1]   The IAD is a compact entered into by 48 states, the United States, and the District of Columbia to establish procedures for resolution of one state's outstanding charges against a prisoner of another state. *See* 18 U.S.C. App. 2, § 2; 11A U.L.A. 48 (1995) (listing jurisdictions). A state seeking to bring charges against a prisoner in another state's custody begins the process by filing a detainer, which is a request by the state's criminal justice agency that the institution in which the prisoner is housed hold the prisoner for the agency or notify the agency when release is imminent. *See Fex v. Michigan*, 507 U.S. 43, 44 (1993). After a detainer has been lodged against him, a prisoner may file a "request for a final disposition to be made of the indictment, information, or complaint" under the IAD. 18 U.S.C. App. 2, Art. III(a); *see also* Minn. Stat. § 629.294. In response to a request for disposition made by a prisoner, the currently confining authority must offer to deliver custody of the prisoner to the other jurisdiction

disposition of outstanding charges in his South Dakota cases. (*Id.* ¶ 4, Exs. 9–12.) Haukoos was then transported to South Dakota for temporary custody to face his pending criminal charges. (Magistad Decl. ¶ 6.) After pleading guilty to several South Dakota charges, Haukoos was sentenced to serve a term of imprisonment in South Dakota. (Doc. No. 10, Declaration of Fiona B. Ruthven ("Ruthven Decl."), Exs. 5–6; Doc. 1-2 at 11–12.) Haukoos was then returned from South Dakota back to DOC custody on March 16, 2022, to serve out the remainder of his Minnesota sentence. (Magistad Decl. ¶ 7.) Haukoos's detainers were subsequently cancelled and a legal hold was placed on him to ensure his transfer to South Dakota to serve his sentences upon his release from DOC custody. (*Id.* ¶ 8, Ex. 4.)

On April 29, 2022, Haukoos filed his Petition challenging the validity of the detainer process. (*See generally* Pet.) He lists several grounds, all of which allege that he was improperly induced to request final disposition of his detainers due to inaccurate information and that he did not receive the process required under the IAD. (*Id.*) As relief, he requests that the Court remove one of the detainers and "all or any other false/illegal holds I have on me that prevents me from getting release." (Pet. 8.) Haukoos also filed on April 29, 2022, a "Motion to/for remove detainer and all illegal holds remaining," raising the same claims in his Petition and requesting the same relief. (Doc.

---

to face outstanding charges. *See* Minn. Stat. § 629.94, subd. 1, art. V(a). Such temporary custody is solely for the purpose of the prisoner's prosecution on outstanding criminal charges under the applicable detainers. *Id.*, art. V(d). The prisoner is to be returned to the sending state "[a]t the earliest practicable time consistent with the purposes" of the IAD. *Id.*, art. V(e).

Nos. 3–4.) On July 1, 2022, Respondents informed the Court that Haukoos had been released from DOC custody and transferred to South Dakota where he is now serving his outstanding South Dakota criminal sentences. (*See* Doc. No. 14.)

## II.   Analysis

Haukoos filed his Petition to avoid transfer to South Dakota upon his release from incarceration. Now, following his release from DOC custody, Haukoos has been transferred to South Dakota and is no longer in the custody of Respondents. Respondents argue that Haukoos's transfer moots the basis for his Petition. (Doc. No. 14.)

Under Article III, § 2, of the United States Constitution, "the exercise of judicial power depends upon the existence of a case or controversy." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974). This means that a petitioner must show that he has suffered, or is threatened with, an actual injury traceable to the respondent which is likely to be redressed by a favorable judicial decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). If a federal petitioner cannot show an existing case or controversy through all the stages of his litigation, his case becomes moot, depriving the court of its power to act because there is no available remedy, even if the court were disposed to act. *Id.* at 18.

Haukoos has been transferred to South Dakota and has no more pending detainers or legal holds. Thus, even if this Court were to rule in Haukoos' favor, its holding would have no effect. Additionally, Haukoos is no longer in the Respondents' care or custody and Respondents have no authority over his current custody in South Dakota. *See Brewer v. Arkansas*, No. 5:09-CV-00302 (SWW/BD), 2010 WL 129775, at *3 (E.D. Ark. Jan. 11, 2010) ("Now that the Petitioner has been transferred to the custody of authorities in

Desoto County, Mississippi, pursuant to his extradition, even if the Court were to rule in Petitioner's favor on his claims, such a holding would have no effect. Mr. Brewer is no longer in Respondent's custody, and there is no longer a pending detainer. His claims regarding the detainer are, therefore, moot."). For these reasons, Haukoos has failed to demonstrate that any injury caused to him could be redressed by a favorable judicial decision from this Court. As such, his claims regarding the South Dakota detainer and any legal holds are moot. *See, e.g.*, *Curbello v. Anderson*, No. 05-CV-2469 (PAM/RLE), 2006 WL 2670034, at *1 (D. Minn. Sept. 18, 2006) (finding that, where the petitioner had a hold placed on him to be transferred to California, his petition challenging his detainer and hold was moot when he was released and transferred to California and was thus no longer under the respondent's care or custody); *see also Beachem v. Schriro*, 141 F.3d 1292, 1293–94 (8th Cir. 1998) (concluding that a challenge to a detainer is moot once the detainer is removed); *Kearns v. Turner*, 837 F.2d 336, 338 (8th Cir. 1988) (concluding that a prisoner's challenge to a detainer was moot where he had already been transferred and sentenced pursuant to that detainer).

There is an exception to the mootness doctrine if a claim is "capable of repetition, yet evading review." *Kemna*, 523 U.S. at 17. This exception applies, however, only where "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* In this case, there is no expectation that Haukoos will face this same situation again or that, if he does, he will be unable to seek relief. *See, e.g.*, *May v. Norris*, No. 5:05-CV-00287 (JMM), 2006 WL 524666, at *3 (E.D. Ark. Mar. 1, 2006) (finding that there was no expectation that the petitioner would face the same situation

again or that, if he did, he would be unable to seek relief). Moreover, Haukoos has not alleged any continuing collateral consequences from the detainer. *See Beachem*, 141 F.3d at 1294 (finding no collateral consequences presumed or demonstrated from a removed detainer).

Because Haukoos's claims are now moot, this Court has no jurisdiction to address his Petition. Therefore, Haukoos's Petition and his "Motion to/for remove detainer and all illegal holds remaining" should both be denied and this matter dismissed.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus pursuant to § 2241 (Doc. No. 1) be **DENIED** as moot;

2. Petitioners "Motion to/for remove detainer and all illegal holds remaining" (Doc. No. 3) be **DENIED** as moot; and

3. This matter be **DISMISSED WITHOUT PREJUDICE**.


Date: August 16, 2022                    *s/ Becky R. Thorson*
                                          BECKY R. THORSON
                                          United States Magistrate Judge

## NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within **14 days** after being served a copy" of the Report and Recommendation. A party may respond to those objections within **14 days** after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).